Ramírez, Demandante y Apelante, *v.* Ramírez et al.,
Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Humacao,
en pleito sobre reclamación de alimentos provisionales.

No. 2492.—Resuelto en marzo 16, 1922.

Alimentos Provisionales — Hijos Legitimados — Derechos del Hijo Legiti-
mado.—El hijo legitimado tiene derecho a solicitar alimentos de sus abuelos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. L. López.*

Abogado de los apelados: *Sr. J. Vendrell.*

El Juez Asociado Sr. Wolf, emitió la opinión del tri-
bunal.

Habiendo quedado legitimada la apelante por el subsi-
guiente matrimonio de sus padres y alegando que su padre
y abuelos maternos no estaban en condición de atender sus
necesidades, solicitó alimentos provisionales de su abuelo
paterno.

Casi instintivamente uno diría que un niño nacido fuera
de matrimonio pero legitimado por el subsiguiente matri-
monio de sus padres tendría todos los derechos y privilegios
correspondientes a un hijo legítimo y por tanto, que si un
hijo legítimo tenía el derecho a solicitar alimentos de sus
abuelos también lo tendría la apelante. La corte inferior,
sin embargo, consideró el artículo 213 del Código Civil como
la única *lex scripta* aplicable y resolvió que tal hijo legiti-
mado quedaba limitado a solicitar alimentos de sus padres,
o sus descendientes.

El artículo 213 prescribe lo siguiente:

"Artículo 213.—Están obligados recíprocamente a darse alimen-
tos, en toda la extensión que señala el artículo precedente:

"1. Los cónyuges.

"2. Los ascendientes y descendientes legítimos.

"3. Los padres y los hijos legitimados y los descendientes legí-
timos de estos.

"4. Los padres y los hijos ilegítimos y los descendientes legítimos de estos.

"5. El adoptante y el adoptado, salvo lo dispuesto en el artículo 206.

"Los hermanos deben también a sus hermanos legítimos aunque sólo sean uterinos o consanguineos. los auxilios necesarios para la vida, cuando por un defecto físico o moral o por cualquiera otra causa que no sea imputable al alimentista, no puede éste procurarse su subsistencia. En estos auxilios están, en su caso, comprendidos los gastos indispensables para costear la instrucción elemental y la enseñanza de una profesión, arte u oficio."

Si el artículo 213 es la única ley aplicable, entonces de acuerdo con el principio de *expressio unius exclusio alterius est*, la corte inferior procedió correctamente.

La apelante nos retrotrae al Código Civil Español para probar que históricamente no debe adoptarse tal interpretación, y el artículo 143 de ese Código prescribe lo siguiente:

"Artículo 143.—Están obligados recíprocamente a darse alimentos, en toda la extensión que señala el artículo precedente:

"1ro. Los cónyuges.

"2do. Los ascendientes y descendientes legítimos.

"3ro. Los padres y los hijos legitimados por concesión Real y los descendientes legítimos de éstos.

"4to. Los padres y los hijos naturales reconocidos, y los descendientes legítimos de éstos," etc.

De conformidad con el artículo como fué redactado, en España y siguiendo la misma norma de razonamiento, un hijo legitimado, no por concesión real, sino únicamente por el subsiguiente matrimonio de sus padres, no tendría derecho alguno a alimentos, aún de sus padres, toda vez que en dicho artículo no se hace mención a tal hijo. El derecho de dicho hijo, sin embargo, a solicitar alimentos de sus padres no nacía del artículo 143, cómo si fuese declarado por primera vez, sino porque, de acuerdo con el artículo 122 del Código Civil Español, un hijo como la apelante en este caso, tenía los mismos derechos que uno legítimo.

Los artículos 193 y 194 del Código Civil de Puerto Rico, como fueron aprobados en 1902, prescribían lo siguiente:

"Art. 193.—Los hijos nacidos fuera de matrimonio son legitimados por el subsiguiente matrimonio de sus padres, si con arreglo a la ley pudieren contraerlo, o por autorización de este Código.

"Art. 194.—Los hijos legitimados por subsiguiente matrimonio o por autorización de este Código, tendrán los mismos derechos y deberes de los hijos legítimos."

Estos dos artículos fueron derogados por la Ley No. 73 de marzo 9 de 1911, quedando sustituídos por los otros dos artículos siguientes:

"Art. 188.—La legitimación de los hijos naturales se verificará por el subsiguiente matrimonio de los padres.

"Art. 189.—Los legitimados disfrutarán de los mismos derechos que los hijos legítimos."

Los apelados sostienen que como el artículo 213, aprobado en 1902 se refiere específicamente a los derechos de los hijos legitimados, e incluye a los hijos ilegítimos reconocidos, si la Legislatura hubiera querido otorgar a los hijos legitimados los mismos derechos que a los hijos legítimos, hubiera derogado el artículo 213. El artículo 189 como quedó enmendado no hace mención de "deberes" como hace el artículo derogado No. 194, pero la palabra "derechos" está allí. Si están o no los nietos en el deber de alimentar a sus abuelos, es otra cuestión independiente, pero suponiendo que no lo estén, es un caso que no está previsto (*casus omissus*). Creemos que la intención de la Legislatura era clara de que los hijos convertidos en legítimos por subsiguiente matrimonio tuvieran los mismos derechos que los legítimos. *Lex scripta est.* No existe verdadera incompatibilidad porque ahora lo mismo que en el período comprendido entre los años 1902 y 1911, y antes de esa fecha por prescripciones terminantes de la ley los hijos legitimados por subsiguiente matri-

monio de sus padres tenían iguales derechos que los hijos
legítimos. El artículo 213 era simplemente una declaración
de la Legislatura que no comprendía todo el campo de los
derechos de los hijos legitimados. Si existió alguna duda
fué porque entre los años 1902 y 1911 había otros hijos que
pudieron ser legitimados, a saber, por el acto solemne del
padre solamente.

En el año 1911, sin embargo, se reveló la intención de
restablecer a los hijos meramente reconocidos a la condición
que existía antes del año 1902, y hemos reconocido una in-
tención semejante en el caso de *Celis 'Alquier* v. *Méndez,* 18
D. P. R. 92. Sostenemos, sin embargo, que en cualquier mo-
mento no obstante las disposiciones del artículo 213, un hijo
natural nacido de padres que no eran casados y que luego
contrajeron matrimonio había de ser considerado como legí-
timo.

La corte creyó que la prueba mostraba que el padre de
la niña podía contribuir a su sostenimiento y por esta razón
también declaró sin lugar la demanda.

Hubo prueba tendente a demostrar que el padre gana $20
mensuales trabajando en Caguas. El también es un mu-
chacho que va a la escuela. Tenemos cierta duda respecto
a si la suma de $20 que se dice gana este joven es en rea-
lidad permanente especialmente por estar asistiendo a la es-
cuela. De todos modos creemos que la actuación de la corte
estuvo influída por una interpretación incorrecta de la ley y
que puede confiarse en que la corte hará justicia a las partes.
Somos de opinión de que si el abuelo cuenta con recursos y
la niña realmente necesita de su ayuda, debe obligársele a
que contribuya con algo, aún cuando este joven, el padre,
esté verdaderamente recibiendo una suma de $20 mensuales;
pero como esta suma cuyo pago ha de decretarse puede ser
variada de acuerdo con la sana discreción de la corte, devol-

vemos el caso a la corte inferior para ulteriores procedimientos que no sean incompatibles con esta opinión.

> *Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente del Toro, y Asociados Aldrey y Hutchison.